TROY LAW, PLLC
41-25 Kissena Boulevard Suite 110
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY, NEWARK DIVISION**
-----------------------------------------------------------X

| | |
|---|---|
| QUN XUE YAN<br>*on their own behalf and on behalf of others similarly situated*<br>　　　　　　　　　Plaintiff,<br>　　　　v.<br>FADA GROUP INC<br>　d/b/a Sogo and;<br>MARK HUO, and<br>JUN LI<br>　　　　　　　　　Defendants. | Case No. 23-cv-02868<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23 CLASS**<br>**ACTION**<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

-----------------------------------------------------------X

　　　　Plaintiff QUN XUE YAN (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through their attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants FADA GROUP INC d/b/a Sogo and MARK HUO, and JUN LI (Collectively referred to as "Defendants"), and allege as follows:

## INTRODUCTION

　　　　1.　　This action is brought by the Plaintiff QUN XUE YAN, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL") (as amended on August 6, 2019, S1790), arising from Defendants' various willful and unlawful employment policies, patterns and practices.

　　　　2.　　Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and

practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and cost.

4. Plaintiff further allege pursuant NJWHL that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) pre-judgment and post-judgment interest, and (3) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about January 01, 2010 to April 17, 2021, Plaintiff QUN XUE YAN was employed by Defendants to work as a Chef and driver at defendant's restaurant Fada Group Inc d/b/a Sogo located at 248 Route 46 West, Denville, NJ 07834.

## DEFENDANTS

*Corporate Defendant*

8. FADA GROUP INC d/b/a Sogo is a domestic business corporation organized

under the laws of the State of New Jersey with a principal address at 248 Route 46 West, Denville, NJ 07834.

9. FADA GROUP INC d/b/a Sogo is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. FADA GROUP INC d/b/a Sogo purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

11. MARK HUO, known as "Boss" to Plaintiff and the Director of FADA GROUP INC a/k/a Sogo, Mark Huo (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at FADA GROUP INC. d/b/a Sogo.

12. MARK HUO hired Plaintiff QUN XUE YAN.

13. MARK HUO supervised Plaintiff QUN XUE YAN.

14. MARK HUO paid Plaintiff QUN XUE YAN.

15. MARK HUO fired Plaintiff QUN XUE YAN.

16. MARK HUO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and is jointly and severally liable with FADA GROUP INC a/k/a Sogo.

17. JUN LI, known as the registered agent of FADA GROUP INC a/k/a Sogo (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at FADA GROUP INC. d/b/a Sogo.

18. JUN LI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and is jointly and severally liable with FADA GROUP INC a/k/a Sogo.

## STATEMENT OF FACTS

19. Defendants committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, the FLSA Collective Plaintiff, and the Class.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff their lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

22. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

*Defendants' FLSA and NJWHL violations are willful*

23. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

24. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations.

25. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with notices of their rights under New Jersey's wage and hour laws that included an explanation of how to file a claim or take action to vindicate their rights, in violation of N.J.S.A. § 34:11-58.3.

26. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff QUN XUE YAN and similarly situated employees and violate state and federal laws.

27. Defendants' conduct was willful because Defendants knew that they were under the FLSA and their conduct was prohibited by the FLSA.

*Plaintiff QUN XUE YAN*

28. From on or about January 01, 2010 to April 17, 2021, Plaintiff was employed by Defendants to work as a chef and driver at defendnats restaruant Fada Group Inc d/b/a Sogo located at 248 Route Route 46 West, Denville, NJ  07834.

29. While employed by defendants, plaintiff primary job was working as a chef but he would be required by defendants to drive the company van and transport the workers to and from the restaurant every day he worked.

30. From the time within the statue of limitations to on or about April 17, 2021, plaintiff Qun Xue Yan's regulatr schedule ran from 11:00 to 21:45, with a break from 14:30 to 16:30 for a total of eight and three quarter (8.75) hours per day for either four (4) or five (5) days per week and from 11:00 to 21:45 with no break for ten and three quarter hours (10.75) hours for one (1) day per week for an average of forty-seven and ninety-four hundredths (47.94) hours per week.

31. At all relevant times within the statue of limitations to April 17, 2023, plaintiff Qun Xue Yan was paid a flat compensation rate of one hundred dollars ($100) per day.

32. At all relevant times, plaintiff Qun Xue Yan was not paid overtime pay for overtime work.

33. Throughout his employment, plaintiff Qun Xue Yan was not compensated at

least-one and one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

34. At all relevant times, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as the applicable provisions of the NJWHL, because they made no provisions to pay Plaintiff to the compensation to which he is legally entitled for hours worked in excess of forty (40) within a workweek.

35. Under the FLSA, the regular rate of pay "is computed by dividing the salary by the number of hours in which the salary is intended to compensate." 29 C.F.R. § 778.113.

36. New Jersey District Court has not yet stated conclusively whether it adopts the "rebuttable presumption," a Southern District of New York doctrine which finds that "There is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing the employer-employee agreement that the salary cover[s] a different number of hours." *Zavala v. Wal-Mart Stores, Inc.*, Civil Action No. 03-5309 (JAG), 2008 U.S. Dist. LEXIS 74960, at *13 (D.N.J. Sep. 25, 2008) (internal citations omitted).

37. Under the "rebuttable presumption" doctrine, the "regular rate of pay assumes that the parties intended Plaintiff to work a forty-hour workweek." *See id*.

38. Under the "rebuttable presumption" doctrine, absent any agreement that the weekly pay covers all weekly hours worked, Plaintiff is only paid for 40 hours and is entitled to an average of seven and ninety-four hundredths (7.94) hours at the 1.5x his regular hourly rate.

39. Similarly, from January 1, 2017 to April 17, 2021, Plaintiff Qun Xue Yan received a regular hourly rate of thirteen dollars and thirteen cents ($13.13) for forty (40) hours worked, and is entitled to 1.5x his regularly hourly rate for each hour he worked in

excess of forty (40) hours, or nineteen dollars and seventy cents ($19.70) hours per hour for every week he worked over forty (40) hours.

40. Alternatively, the regular hourly rate of pay can be found by straight-rate, which is the quotient of the weekly salary and the actual hours worked.

41. Under this alternative analysis, Plaintiff is paid at the straight-rate for all hours worked but is owed 1.5x the straight rate for all hours worked in excess of 40 hours, as the Defendants did not pay Plaintiff any overtime compensation for hours completed in excess of 40 hours.

42. Accordingly, from January 1, 2017 through April 17, 2021, Plaintiff Qun Xue Yan received a regular hourly rate of Thirteen Dollars and Thirty-Three Cents ($13.13) for an average of forty-seven and ninety-four hundredths (47.94) hours worked per week, with no overtime at the 1.5x rate for hours worked in excess of forty (40) hours.

43. Under either analysis, Defendants owe Plaintiff Qun Xue Yan overtime shortfall for his work completed in excess of forty (40) hours in a workweek, because under NJWHL, Plaintiff, as employees, are entitled to overtime wages at a rate of 1 ½ times their regular rate of pay for all hours worked over 40 in a workweek. N.J. Stat. § 34:11-56a4.

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings their NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

45. All said persons, including Plaintiff, are referred to herein as the "Class."

46. The Class members are readily ascertainable. The number and identity of the

Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

47. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

48. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

    c. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday; and

    d. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

49. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

50. Plaintiff are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff are represented by attorneys who are experienced and competent in representing Plaintiff in both class action and wage-and-hour employment litigation cases.

*Superiority*

51. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible

for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]**

53. Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

54. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

55. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

56. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

57. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

58. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

59. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and FLSA Collectives' labor.

60. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory

overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime Brought on behalf of Plaintiff and Rule 23 Class]**

61.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

62.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages, and interest.

63.     At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

64.     By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves, and on the behalf of the FLSA Collective Plaintiff and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of

issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

  b)  Certification of this case as a collective action pursuant to FLSA;

  c)  Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

  d)  A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

  e)  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

  f)  An award of unpaid overtime wages due under FLSA due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

  g)  An award of unpaid overtime wages due under NJWHL, plus treble damages as permitted under the NJWHL in an amount equal to 200% of the unpaid wages, due Plaintiff and the Rule 23 Class Action members;

  h)  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

i)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

j)   An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiff's unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

k)   The cost and disbursements of this action;

l)   An award of prejudgment and post-judgment fees;

m)   Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demand a trial by jury on all questions of facts.

Date: May 25, 2023
Flushing, New York

TROY LAW, PLLC

*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

/s/ Aaron Schweitzer
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
Text: (718) 762-1324 :Tel
troylaw@troypllc.com